## Smith v. Sanctis et al.

Before Gibson, P. J., and Carson, J.

*Bloom, Bloom & Yard,* for plaintiff.

*David I. McAlister,* for original defendants.

*Zeman & Zeman,* for additional defendants.

CARSON, J., August 21, 1950.—Plaintiff, Paul P. Smith, filed an action in trespass against Michael E.

Sanctis and Ernest E. Sanctis, individually, and as partners doing business as Sanctis Construction Company. Defendants filed a complaint bringing in, as additional defendants, Walter Malnick, an individual, and O. H. Benintend, Anthony A. Benintend, Guy L. Benintend and Pasquale Benintend, partners, trading and doing business as Allegheny Contracting Company. Additional defendant, Walter Malnick, filed preliminary objections to the complaint of original defendants. The Allegheny Contracting Company, and the individual partners, also filed preliminary objections to the complaint of original defendants.

Plaintiff, on June 28, 1949, drove his truck upon a certain tipple for the purpose of dumping coal into a bin, and, while doing so, the tipple collapsed, causing plaintiff certain injuries.

Plaintiff averred that the Sanctis Construction Company leased the tipple and exercised supervision and control over it. Defendants, in their answer, denied exclusive control and supervision, and averred that the Allegheny Contracting Company owned the tipple and retained certain rights of supervision and possession of the tipple. Paul P. Smith, at the time of the accident, was in the employ of Walter Malnick.

We will consider first the preliminary objections filed by Walter Malnick, which are: (1) That Walter Malnick cannot become solely liable under the provisions of the Workmen's Compensation Act, as plaintiff was his employe; (2) that there was an improper and insufficient allegation of negligence, and that the complaint shows on its face contributory negligence on the part of plaintiff.

If the Pennsylvania Workmen's Compensation Act is applicable, and the facts pleaded by both plaintiff and defendants and additional defendant, Walter Malnick, are in accord that there was a relationship of

employer and employe, and as no exemption from the Pennsylvania Workmen's Compensation Act is averred or pleaded, plaintiff has his claim against additional defendant, Walter Malnick, under the Workmen's Compensation Act, and this is his exclusive remedy.

Pennsylvania Rule of Civil Procedure, 2252 (a), Right to Join Additional Defendants, provides:

"In any action the defendant or any additional defendant may file as of course a præcipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him."

The complaint filed by original defendants against Walter Malnick avers that original defendant is not liable to plaintiff, but the liability is solely that of additional defendants, Walter Malnick and/or the Allegheny Contracting Company. Plaintiff has no claim, and could have no claim, against his employer which could be enforced in an action of law. Joinder is proper where original defendants and additional defendants are alleged to be jointly liable, notwithstanding the fact that the injured employe cannot sue his employer in an action at law: Maio, Executrix, v. Fahs et al., 339 Pa. 180; Marino et al. v. Yellow Cab Company of Philadelphia et al., 39 D. & C. 519.

If it is found that the employer in this case, Walter Malnick, and original defendants, Sanctis Brothers, are jointly liable for plaintiff's injury, it will be proper to enter a joint judgment against them in order to establish their reciprocal liability for contribution. The entry of such judgment is not an evasion of the Workmen's Compensation Act, for plaintiff employe will not be permitted to issue execution on such judgment against his employer. Plaintiff may enforce judgment against original defendants, but must allow such additional defendant credit on the judgment

equal to the money which plaintiff receives under the Workmen's Compensation Act. When original defendants pay this reduced sum they are subrogated to the rights of plaintiff under the act, but he cannot require the employer to pay by way of contribution a sum greater than that which the employer would be required, under the act, to pay directly to the employe. When the employer has paid the full amount he is required to pay under the act, he is entitled to have the judgment entered against him marked "satisfied": Goodrich-Amran, Procedural Rules Service, §2252 (a) 11, note 6.

As to the preliminary objection that the allegation of negligence is insufficient, this objection is dismissed. The complaint of defendants sufficiently sets forth the alleged negligence of Walter Malnick to enable him to prepare his defense. The pleadings might be more clear and specific relative to the various acts of negligence charged to defendants and to the respective additional defendants, nevertheless the pleadings contain sufficient averments to warn Walter Malnick of his alleged liability and alleged negligence.

The other matters complained of and argued by counsel will be matters for proof at the trial, where the required proof of the liability of the defendants and additional defendants will be defined by the trial judge. The verdict, or verdicts, and ensuing judgments, if any, will be under the control of the court.

Additional defendants, O. H. Benintend, Anthony A. Benintend, Guy L. Benintend, and Pasquale Benintend, partners, trading and doing business as Allegheny Contracting Company, have filed preliminary objections, and have assigned seven reasons:

The first, that, "The complaint of the original defendants does not have attached thereto the contract

entered into between the original defendants and the Allegheny Contracting Company, as required by the Rules of Civil Procedure."

The second, that an attached contract between defendants and additional defendants contains a clause whereby it is agreed that additional defendants assume no liability or responsibility for accidents during the period of the operation of this tipple, and, therefore, the Allegheny Contracting Company has no obligation to original defendants.

The third reason again relates to the same lease, and avers that defendants are thereby released from liability for injuries.

The fourth reason assigned is that the complaint of original defendants does not aver that the Allegheny Contracting Company was in exclusive possession and control of the tipple.

The fifth reason assigned is that the complaint does not specify the character and construction of the tipple owned by defendants and the latent structural defects in the ramp and tipple, and that the defects were known to additional defendants.

The sixth reason is that the complaint as a whole does not set forth a legal cause of action.

The seventh reason again refers to the contract attached as exhibit A, and protects additional defendants from liability, substantially a reaverment of the second reason.

The last six reasons are based (fundamentally) upon the conclusion that liability in tort follows as a legal incident of occupation and control.

Additional defendants' position cannot be sustained because, in paragraph 5 of the complaint of original defendants, it is averred:

"That the original defendants, by contract, had the right to come upon and use the said tipple and ramp,

subject to right of the said Allegheny Construction Company to use the said tipple and ramp, at its option upon three days' notice, and further, that they, the said original defendants, did not have the right or duty to make major repairs to, or remedy latent structural defects, if any, in the said ramp and tipple . . .".

The exhibit attached shows that additional defendants had retained very close control over the tipple by inserting in the contract the provision that "upon three days' notice" the tipple must be made available to them, as lessor, and by further showing that the lessor was to keep the tipple at all times in good working condition.

Plaintiff was not a party to this agreement and is not bound by it. Insofar as he is concerned, additional defendant landlord cannot shift, by agreement with the tenant, the responsibility for the maintenance and safeguarding of the premises. Additional defendants recognized this liability when, by the lease, tenant was required to keep the premises in good working order so that defendant could use it at any time. Additional defendants did not sell, assign, or give up exclusive custody and control of the premises, but retained a very tight control thereof. In 51 C. J. S. 1074, the law is laid down as follows:

"It has been held that the duty to keep a building, or part of it, in repair is coextensive with the control retained by the landlord, or by either the landlord or the tenant, and that lack of control involves relief, or freedom, from any obligation to repair."

Additional defendants have attempted to take two different positions. First, that the complaint of original defendants does not have attached a copy of the contract. Second, after producing a copy of the contract, objections are raised based upon such contract. The contract cannot be brought into the record in this manner. The preliminary objections are not an answer

and cannot be so considered, and, therefore, the second, third, fourth, fifth, sixth and seventh reasons must be dismissed.

The first reason, that the complaint of original defendants does not comply with the Rules of Civil Procedure must be sustained. The complaint of original defendants does not set forth the nature of the contract between original defendants and the Allegheny Contracting Company, whether it is written or verbal. However, it appeared at the argument that there was a written contract, a copy of which was attached to the preliminary objections of defendants. This contract should have been made a part of the record and attached to the complaint of original defendants: Pennsylvania Rules of Civil Procedure, 1019 and 2252(*b*). The admitted omission of this lease is a material defect in the complaint.

It appearing that proper service has been made, original defendants will be given a reasonable time within which to amend their complaint in order to comply with the rules of court.

### Order

And now, August 21, 1950, preliminary objections filed by Walter Malnick are dismissed. The second, third, fourth, fifth, sixth and seventh preliminary objections filed by the Allegheny Contracting Company are dismissed. The first preliminary objection filed by the Allegheny Contracting Company is sustained, and a motion to dismiss the complaint of additional defendants will be entertained unless an amended complaint, eliminating the objection set forth in the first reason assigned by the Allegheny Contracting Company, is filed within 20 days of the filing of this opinion.